PER CURIAM.
This is a lawyer disciplinary proceeding in which The Florida Bar (Bar) seeks review of the referee’s recommended discipline, asking that we impose a six-month suspension instead of the referee’s recommendation of a public reprimand and a two-year probationary period. We approve the findings of the referee and increase the discipline to a ninety-day suspension from the practice of law and a two-year probation period.
The Bar filed a complaint against Myers. In its complaint the Bar alleged that Myers violated the following Rules Regulating The Florida Bar: rule 4-3.3(d) (a lawyer shall inform the tribunal of all material facts known, whether or not the facts are adverse); rule 4-3.4(a) (a lawyer shall not unlawfully obstruct another party’s access to evidence); rule 4-8.4(a) (a lawyer shall not violate or attempt to violate the Rules of Professional Conduct); rule 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and rule 4-8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice).
The referee made these express findings: In or about July, 1987, the Respondent prepared a Petition for Dissolution of Marriage; a Property Settlement Agreement; and an Answer, Waiver of Notice of Final Hearing, and Consent to Enter a Final Judgment on behalf of his client, Rolf Coldeway. Thereafter, on July 17, 1987, Mr. Coldeway’s wife, Sue Ellen Coldeway, reviewed the Petition for Dissolution of Marriage and executed the Property Settlement Agreement and Answer, Waiver of Notice of Final Hearing, and Consent to Enter Final Judgment referenced above. The Property Settlement Agreement prepared by the Respondent was prepared in contemplation of the immediate reconciliation between Mr. and Mrs. Coldeway.
The Property Settlement Agreement executed by Mrs. Coldeway on July 17, 1987 provided that the parties would have shared parental responsibilities for their minor child, with the primary physical *129 residence of their minor child being with Mr. Coldeway.
Subsequent to July 17, 1987, Mr. and Mrs. Coldeway reconciled their marriage and lived together as husband and wife until approximately June, 1988.
On or about June 8, 1988, Mrs. Coldeway retained Floyd E. Ferguson to represent her in a dissolution of marriage action. Mrs. Coldeway advised Mr. Ferguson of the fact that her husband was represented by Respondent. On or about June 8, 1988, Mr. Ferguson called the Respondent’s law office and advised the Respondent of the fact that he was representing Mrs. Coldeway in regard to a dissolution of marriage action against her husband, Rolf Coldeway.
On approximately June 28, 1988, the Respondent and Mr. Ferguson had a telephone conversation, wherein they discussed the possibility of settling the Coldeway action. Subsequent to the aforementioned conversation, Mr. Ferguson prepared a Property Settlement and Separation Agreement on behalf of Mrs. Coldeway. The Property Settlement Agreement and Separation Agreement prepared by Mr. Ferguson provided that Mrs. Coldeway would have the primary custody of the minor child of the parties, with each party retaining full and equal parental rights and responsibilities. On July 27, 1988, Sue Ellen Coldeway executed the Property Settlement and Separation Agreement prepared by her attorney and, thereafter, on July 28, 1988, Mr. Ferguson mailed the Property Settlement Agreement to the Respondent for execution by Mr. Coldeway.
On or about September 25, 1988, Mrs. Coldeway and the minor child of the parties moved from Florida to Ohio. Mrs. Coldeway did not notify Mr. Coldeway of her whereabouts however she did advise her attorney of the same.
On or about October 11, 1988, after Mrs. Coldeway’s refusal to advise Mr. Colde-way of her and the minor child’s whereabouts, and her indication that she was not returning and that Mr. Coldeway was not going to get to see his daughter anymore, the Respondent filed the Colde-way Petition for Dissolution of Marriage and the Property Settlement Agreement which he had prepared and had executed by both Mr. and Mrs. Coldeway in July, 1987. The Respondent never sought to contact Mr. Ferguson to determine whether or not he knew of Mrs. Colde-way’s whereabouts and whether or not he still intended to represent Mrs. Colde-way in the Coldeway Divorce Action. In addition, the Respondent never notified Mr. Ferguson of the fact that his client would not execute the Property Settlement and Separation Agreement of July, 1988. Further, the Respondent intentionally failed to notify Mr. Ferguson of the fact that he filed the Petition for Dissolution of Marriage and the Property Settlement Agreement of July, 1987.
On or about November 10, 1988, a final hearing was held in the Coldeway dissolution of marriage action. The Respondent intentionally failed to give Mrs. Coldeway’s attorney notice of the final hearing on the Coldeway dissolution of marriage action. During the final hearing on the Coldeway dissolution of marriage action held on November 10, 1988, the Respondent submitted to the Court the Answer, Waiver of Notice of Final Hearing, and Consent to Enter a Final Judgment executed by Sue Ellen Colde-way on July 17, 1987. The Respondent consciously failed to inform the Court of the fact that Mrs. Coldeway was represented by counsel. The Respondent knew that his actions were a violation of The Florida Bar Rules of Discipline.
At the conclusion of the final hearing in the Coldeway dissolution of marriage action, a Final Judgment was entered wherein Mr. Coldeway was awarded the primary custody of the minor child of the parties. The aforementioned Final Judgment was, subsequently, set aside.
The Respondent’s misconduct in this case was influenced by the fact that the Respondent’s former wife had absconded with the Respondent’s six (6) year old son [and] had refused to divulge to the Respondent the location of the son for over two (2) years. During the period of *130 time involved in the Coldeway case, the Respondent was required to attend numerous hearings in an effort to locate and to obtain the custody of his own minor child. The Respondent’s own predicament in locating his minor child made the Respondent aware of the fact that a number of private and public organizations designed to help parents locate children that had been abducted by a parent or a step-parent would not assist Mr. Coldeway in locating his minor child, unless he had an order or final judgment awarding him custody of the child.
Based on these findings the referee found that the respondent violated: rule 4-3.3(d) (a lawyer shall inform the tribunal of all material facts known, whether or not the facts are adverse); rule 4-8.4(a) (a lawyer shall not violate or attempt to violate the Rules of Professional Conduct); rule 4-8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice).[1] The referee recommended that Myers receive a public reprimand and that he be placed on probation for a period of two years. As a condition of probation, the referee recommended that Myers continue with his participation in the Florida Lawyer’s Assistance Program and that he make quarterly reports to The Florida Bar of such participation.
The Florida Bar petitions this Court and claims that the referee’s recommendation is not a sufficient disciplinary sanction for such unethical conduct. The Bar alleges that recent case law and The Florida Standards for Imposing Lawyer Sanctions provide that disbarment and or a lengthy suspension is the appropriate discipline for Myers’ conduct. The Bar concludes that the substantial mitigating factors present in the instant ease justify reducing the appropriate discipline to a six-month suspension.
Given Myers’ conduct in this instance, we find that a ninety-day suspension is appropriate. Accordingly, Myers is hereby suspended from the practice of law for a period of ninety days, effective June 29, 1991, thereby giving him thirty days to close out his practice, and, upon resuming his practice, he shall be placed on probation for two years and, as a condition of probation, Myers shall continue with his participation in the Florida Lawyer’s Assistance Program and make quarterly reports to The Florida Bar of such participation. Judgment for costs in the amount of $1,431.80 is hereby entered against Myers, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.

. The charge regarding rule 4-3.4(a), Rules Regulating The Florida Bar, was stricken at the final hearing.